UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-4:23-cr-00076 |
| | § | |
| LEVI CASILDO CASTRO, | § | |
| | § | |
| Defendant. | § | |

**PLEA AGREEMENT**

The United States of America, by and through Aaron F. Reitz, United States Attorney for the Southern District of Texas, and Adam Laurence Goldman, Assistant United States Attorney, and the Defendant, Levi Casildo Castro ("Defendant"), and Defendant's counsel, pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

**Defendant's Agreement**

1. Defendant agrees to plead guilty to Counts 1 and 17 of the indictment. Count 1 charges Defendant with Willful Failure to Collect or Pay Over tax, in violation of Title 26, United States Code, Section 7202. Count 17 charges Defendant with Assisting in the Preparation of False Tax Returns. Defendant, by entering this plea, agrees that she is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment/information, or proved to a jury or proven beyond a reasonable doubt.

**Punishment Range**

2. The **statutory** maximum penalty for each violation of Title 26, United States Code, Section 7202, is imprisonment of not more than 5 years and a fine of not more than $10,000.00. Additionally, Defendant may receive a term of supervised release after imprisonment of not more

than 3 years. *See* Title 18, United States Code, Sections 3559(a)(4) and 3583(b)(2). Defendant acknowledges and understands that if she should violate the conditions of any period of supervised release which may be imposed as part of her sentence, then Defendant may be imprisoned for not more than 2 years, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United States Code, Sections 3559(a)(4) and 3583(e)(3). The **statutory** maximum penalty for each violation of Title 26, United States Code, Section 7206(2), is imprisonment of not more than 3 years and a fine of not more than $100,000.00. Additionally, Defendant may receive a term of supervised release after imprisonment of not more than 1 year. *See* Title 18, United States Code, Sections 3559(a)(5) and 3583(b)(3). Defendant acknowledges and understands that if she should violate the conditions of any period of supervised release which may be imposed as part of her sentence, then Defendant may be imprisoned for not more than 1 year, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United States Code, Sections 3559(a)(5) and 3583(e)(3). Defendant understands that the sentences on multiple counts may be imposed to run consecutively to one another or to any other sentence. Defendant understands that she cannot have the imposition or execution of the sentence suspended, nor is she eligible for parole.

**Mandatory Special Assessment**

3. Pursuant to Title 18, United States Code, Section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

**Immigration Consequences**

4. Defendant recognizes that pleading guilty may have consequences with respect to her immigration status. Defendant understands that if she is not a citizen of the United States, by pleading guilty she may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant understands that if she is a naturalized United States citizen, pleading guilty may result in immigration consequences, such as denaturalization and potential deportation or removal from the United States. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty, and Defendant affirms that she wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction.

**Waiver of Appeal, Collateral Review, and Statute of Limitations**

5. Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, Section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, Section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

6. Defendant also agrees that should the conviction following Defendant's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the United States has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against Defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

7. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that she may have received from her counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce her guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence Defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

8. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

**The United States' Agreements**

9. The United States agrees to each of the following:

(a) If Defendant pleads guilty to Counts 1 and 17 of the indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the indictment at the time of sentencing. Defendant agrees that with respect to any and all dismissed charges she is not a 'prevailing party' within the meaning of the 'Hyde Amendment,' Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law;

(b) If the Court determines that Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a), and the offense level prior to operation of § 3E1.1(a) is 16 or greater, the United States will move under § 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of her intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently; and

(c) If Defendant pleads guilty to Counts 1 and 17 of the indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will be unopposed to having the sentences for Courts 1 and 17 run concurrently.

**Agreement Binding - Southern District of Texas Only**

10. The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for the specific conduct described in the indictment/information. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney's Office. The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

**United States' Non-Waiver of Appeal**

11. The United States reserves the right to carry out its responsibilities under guidelines

sentencing. Specifically, the United States reserves the right:

(a) to bring the facts of this case, including evidence in the files of the United States Attorney's Office for the Southern District of Texas or the files of any investigative agency, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d) to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, Section 3553(a); and

(e) to appeal the sentence imposed or the manner in which it was determined.

**Sentence Determination**

12. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

**Rights at Trial**

13. Defendant understands that by entering into this agreement, she surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

(a) If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and her attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on her own behalf. If the witnesses for Defendant would not appear voluntarily, she could require their attendance through the subpoena power of the court; and

(c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, she could testify on her own behalf.

**Factual Basis for Guilty Plea**

14. Defendant is pleading guilty because she is in fact guilty of the charges contained in Counts 1 and 17 of the indictment/information. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

Defendant was previously a tax preparer employed by Liberty Tax Services and Colbert Ball Tax Service. Defendant had a PTIN (Preparer Tax Identification Number) and EFIN (Electronic Filing Identification Number).

During calendar years 2016 through 2020, Defendant, who was in the Southern District of

Texas, did not file Form 940 Employer's Annual Federal Unemployment Tax Returns ("Form 940) and Form 941 Employer's Quarterly Federal Tax Returns ("Form 941"), and prepared Form W-2 Wage and Tax Statements ("Form W-2") for employees that falsely indicated the Federal withholding amounts for Social Security Taxes, Medicare Taxes, and Federal Insurance Contributions Act (FICA) taxes paid to the United States Treasury.

In addition, during the calendar years 2016 through 2020, Defendant prepared materially false client tax returns with the Internal Revenue Service ("IRS") in which she included false Form W-2s for individuals whom she did not employ which resulted in false entries for Wages, Salaries, Tips, Etc., Federal Withholding Amounts, Social Security Tax Amounts, and Medicare Tax Amounts on Form W-2s and Form 1040 Individual Income Tax Returns ("Form 1040").

Defendant's actions caused losses to the National Treasury in excess of $4~~5~~0,000.00, which Defendant agrees to pay as restitution to the Internal Revenue Service.

More specifically, beginning in 2009, Defendant operated LC Home Remodeling and Maid Service with a principal place of business in the Southern District of Texas.

Then, beginning in 2017, Defendant operated A&M Home Remodeling and Cleaning with a principal place of business in the Southern District of Texas.

Defendant exercised control over the financial affairs of LC Home Remodeling and Maid Service and A&M Home Remodeling and Cleaning, and thus was a responsible person for collecting trust fund taxes, accounting for employment taxes by filing Forms 940 Employer's Annual Federal Unemployment Tax Returns ("Form 940) and Forms 941 Employer's Quarterly Federal Tax Returns ("Form 941") for employees, and paying over to the IRS employment taxes for LC Home Remodeling and Maid Service and A&M Home Remodeling and Cleaning.

For the tax years 2016 through 2020, Defendant failed to file Forms 940 and Forms 941 Employer's Quarterly Federal Tax Returns on behalf of LC Home Remodeling and Maid Service and A&M Home Remodeling and Cleaning, which was required by law. For purposes of Count 1 of the Indictment, this included failing to file a Form 941 for the calendar quarter ending on March 31, 2017, which was due on April 30, 2017, and for which Defendant failed to collect, account and pay to the Department of Treasury $21,480.00.

In addition, for the tax years 2016 through 2020, Defendant prepared materially false client tax returns with the Internal Revenue Service ("IRS") in which she included false Form W-2s for individuals whom she did not employ which resulted in false entries for Wages, Salaries, Tips, Etc., Federal Withholding Amounts, Social Security Tax Amounts, and Medicare Tax Amounts on Form W-2s and Form 1040 Individual Income Tax Returns ("Form 1040"). For purposes of Count 17, this included, on April 15, 2017, for the 2016 tax year, Defendant preparing a Form 1040 and Form W-2 for Mancilla, in which Defendant falsely claimed on the Form 1040 that Mancilla had Wages, Salaries, Tips, etc... of $17,775.00, and on the Form W-2 that Mancilla had a Federal Withholding Amount of $2,875.00, a Social Security Tax Amount of $1,102.00, and a Medicare Tax Amount of $257.00. These false statements resulted in a tax loss to the United States of $7,558.00.

**Breach of Plea Agreement**

15. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, including required financial

information, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against Defendant in any prosecution.

**Monetary Penalties, Assets and Financial Disclosures**

16. Defendant understands and agrees that monetary penalties will be subject to immediate enforcement as provided in 18 U.S.C. § 3613 and that monetary penalties will be submitted to the Treasury Offset Program so that payments to the Defendant may be applied to federal debts.

17. Defendant understands that restitution, forfeiture, and fines are separate components of sentencing and are separate obligations. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines. Subject to the provisions of paragraphs 5-7 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, any restitution order, any forfeiture orders, and any fines.

18. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that she will make a full and complete disclosure of all assets over which she exercises direct or indirect control, or in which she has any financial interest. Defendant agrees not to dispose of any assets or take any action that would affect a transfer of property in which she has an interest, unless Defendant obtains the prior written permission of the United States.

19. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

20. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of her assets to deliver all funds and records of such assets to the United States.

**Restitution**

21. Defendant agrees to pay full restitution to the victims regardless of the counts of conviction. Defendant stipulates and agrees that as a result of her criminal conduct, the victim incurred a monetary loss of at least $406,180.00. Defendant agrees to pay full restitution as determined by the Court, regardless of the resulting loss amount, to all victims harmed by Defendant's "relevant conduct" as defined by U.S.S.G. §1B1.3, including conduct pertaining to any dismissed counts or uncharged conduct, and regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 2259, 3663 or 3663A. Defendant agrees that restitution imposed by the Court will be due and payable immediately and that should the Court impose a payment

schedule, the payment schedule sets forth minimum payments and does not foreclose additional collection of restitution.

22. Defendant agrees to make any restitution payments ordered to the Clerk of Court, including on each payment Defendant's name, social security number, the district court's docket number assigned this case, the tax periods to which the restitution has been ordered, and a statement that the payment is being submitted pursuant to the Court's restitution order. Defendant shall also include with the restitution payment a request that the Clerk of Court send the information and restitution payment to the IRS at the following address:

IRS-RACS
Attn.: Mail Stop 6261, Restitution
333 W. Pershing Ave.
Kansas City, MO 64108

Defendant also agrees to send a notice of any restitution payment made to the Clerk of Court to the IRS at the above address.

23. Defendant agrees to sign any IRS forms deemed necessary by the IRS to enable the IRS to make an assessment of any amount ordered in restitution, including but not limited to IRS form 8821 entitled "Tax Information Authorization."

**Forfeiture**

24. As part of this plea agreement, Defendant agrees to the following:

(a) to forfeit, via either an administrative or judicial proceeding, all assets listed in the charging document (including any Supplemental Notice of Forfeiture), and to forfeit or abandon any assets seized during this investigation or a related investigation, including, but not limited to, the following specific assets: $406,180.00;

(b) to withdraw any claims and petitions for such listed or seized assets, whether in this proceeding or another proceeding, and to waive notice of administrative proceedings (including forfeiture, destruction, and abandonment for seized property);

(c) that Defendant obtained at least $406,180.00 from the criminal offenses, that the factual basis for the guilty plea supports the imposition of a money judgment in that amount, and that Defendant agrees to the imposition of a money judgment in that amount;

(d) that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists, so that the forfeiture money judgment may be immediately satisfied via forfeiture of substitute property; and

(e) to the order of forfeiture becoming final as to Defendant immediately following this guilty plea or immediately following entry of the forfeiture order, whichever applies.

**Financial Statement**

25. Defendant agrees to truthfully complete under penalty of perjury, within thirty days of the execution of this Plea Agreement, a financial statement on a form provided by the United States Attorney's Office and to update the statement within seven days of any material change. Defendant also agrees to make full disclosure to the United States Probation Office of all current and anticipated assets in which Defendant has an interest both before sentencing and again before termination of supervised release or probation, with such disclosures to be shared with the United States Attorney's Office.

26. Defendant further agrees not to dispose or transfer any assets without the prior written permission of the United States and to authorize the release of all financial information requested by the United States, including, but not limited to, credit histories and tax returns. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's financial disclosure, including in a deposition or informal debtor exam, whether before or after sentencing.

**Fines**

27. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any

imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraphs 5-7 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

**Criminal Tax Loss and Civil Tax Liability**

28. Defendant understands that any restitution ordered or paid in this case will be applied to the income taxes owed on the U.S. Individual Income Tax Years on returns that she prepared for clients, as set forth in the table above in this plea agreement. Defendant understands that the amounts of relevant conduct and restitution found by the court in this criminal case do not limit the IRS in determining any additional civil taxes Defendant owes on her own U.S. Individual Income Tax Years. Defendant understands that the IRS is free to civilly audit any of Defendant's U.S. Individual Income Tax Years and may seek additional civil taxes, civil penalties, and interest for those income tax years.

29. Defendant agrees not to file any claim for refund of any amount ordered or paid in restitution in this case. Defendant further agrees not to file any action in a U.S. District Court, in the U.S. Tax Court, or in the U.S. Court of Federal Claims seeking a refund, offset, or other recovery of any amounts ordered or paid in restitution in this case.

30. Defendant agrees to cooperate fully with the Internal Revenue Service in determining the correct civil tax liabilities of the income tax returns of any taxpayer involved in this investigation, along with all income tax returns of Defendant herself. Defendant agrees to make all books, records, and documents in her possession, custody, or control available to the

Internal Revenue Service for use in computing all civil tax liabilities of any taxpayers, including herself.

31. Nothing in this plea agreement shall limit the IRS in its lawful examination, determination, assessment, or collection of any taxes, penalties, or interest due from any taxpayer. Defendant agrees that this plea agreement and any judgment, order, release, or satisfaction issued in connection with this plea agreement will not satisfy, settle, offset, or compromise Defendant's obligation to the pay the balance of any civil liabilities, including additional taxes, penalties, or interest, on any of Defendant's own U.S. Individual Income Tax Years.

**Agreement Not to Prepare Tax Returns**

32. Defendant agrees never again to aid or to assist in the preparing or presenting of U.S. Individual Income Tax Returns, or of any other tax returns, for any taxpayer except herself. Defendant agrees not to oppose any civil action brought by the United States seeking to enjoin Defendant from preparing income tax returns for others.

**Complete Agreement**

33. This written plea agreement, consisting of 18 pages, including the attached addendum of Defendant and her attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. Other than any written proffer agreement(s) that may have been entered into between the United States and Defendant, this agreement supersedes any prior understandings, promises, agreements, or conditions between the United States and Defendant. No additional understandings, promises, agreements, or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties. Defendant acknowledges that no threats have been made against her and that she is

pleading guilty freely and voluntarily because she is guilty.

34. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on September 23, 2026

Defendant

Subscribed and sworn to before me on September 23, 2026

NATHAN KYLE OCHSNER
UNITED STATES DISTRICT CLERK

By: ______________________
Deputy United States District Clerk

APPROVED:

AARON F. REITZ
United States Attorney

By: ______________________
Adam Laurence Goldman
Assistant United States Attorney
Southern District of Texas

______________________
Alex Rosa-Ambert
Attorney for Defendant

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | **CRIMINAL NO. H-4:23-cr-00076** |
| | § | |
| **LEVI CASILDO CASTRO,** | § | |
| | § | |
| **Defendant.** | § | |

**PLEA AGREEMENT -- ADDENDUM**

I have fully explained to Defendant her rights with respect to the pending indictment/information. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. I have also explained to Defendant that sentences on multiple counts may be imposed to run consecutively to one another or to any other sentence. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

Alex Rosa-Ambert
Attorney for Defendant

9/23/26
Date

I have consulted with my attorney and fully understand all my rights with respect to the indictment/information pending against me. My attorney has fully explained, and I understand, all

my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

| | |
|---|---|
| Levi Casildo Castro<br>Defendant | 9/23/2026<br>Date |